IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS COMBINED FUNDS, INC., by James R. Klein, Administrator, <br><br> Plaintiff, <br><br> v. <br><br> GREATER PITTSBURGH FOUNDATIONS, LLC, DAVID JOHNSTON, BRIAN K. WRIGHT and DANAE DAVIS, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. ) ) ) ) ) ) ) |

## COMPLAINT

### Count I

### Carpenters Combined Funds, Inc. v. Greater Pittsburgh Foundations, LLC

### ERISA Collection Action

1. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Defendant Contractor's failure to pay fringe benefit contributions and wage deductions in violation of a certain labor agreement entered into with the Greater Pennsylvania Regional Council of Carpenters and its affiliated local unions (hereinafter "Carpenters' Union"), an employee organization.

2. Plaintiff Carpenters Combined Funds, Inc. ("Funds") is a Pennsylvania non-profit corporation that maintains its principal place of business at 495 Mansfield Avenue, First Floor, Pittsburgh, Pennsylvania 15205.

3. Plaintiff administers various fringe benefit funds and acts as a collection agent for such funds as well as certain employer associations and unions. James R. Klein is the Administrator of such Funds.

4. The trustees of such funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff as their agent for the collection of contributions payable to such funds on behalf of their trustees, participants, and beneficiaries.

5. Defendant Greater Pittsburgh Foundations, LLC ("Contractor") is engaged in the construction business and maintains its principal place of business at 4102 Route 130, Suite 2, Irwin, Pennsylvania 15642.

6. Defendant Contractor has entered into a labor agreement ("Agreement") with the Carpenters' Union pursuant to which such Contractor was obligated to submit certain monthly payments to Plaintiff for pension, medical, annuity/savings, and apprenticeship for the benefit of employees covered under such Agreement.

7. In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff for the period of October 2005 through March 2006 which has resulted in a principal deficiency of $136,280.99. In addition, interest through June 7, 2006 and contractual damages are due Plaintiff of $22,345.84, for a total deficiency of $158,626.83. Interest will continue to accrue after June 7, 2006 at the rate of $56.00 per day.

8. Plaintiff also claims any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to the Plaintiff until the termination of this case. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

9. Plaintiff has demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Pursuant to ERISA, defendant Contractor is also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency,

but not less than Eight Hundred Fifty Dollars ($850.00). Such fees and expenses total $31,725.37 through June 7, 2006. Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

    11.    Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

    12.    Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and labor agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against said Defendant Contractor:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such agreements, and enjoining Defendant Contractor from disposing of assets; and

(b) For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations from April 2006; and

(c) For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees from July 19, 2005 to the present to enable

Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

    (d) For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $190,352.20, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus liquidated damages, attorneys' fees, and costs of suit; and

    (e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

    (f) For such other and further relief as the Court may deem just.

## COUNT II

**Carpenters Combined Funds, Inc. v. David Johnston, Brian K. Wright and Danae Davis**

**ERISA Breach of Fiduciary Duty Action**

    13. The averments contained in paragraphs 1 through 12 are hereby incorporated by reference herein.

    14. At all times material hereto, individual defendant David Johnston ("D. Johnston") served as the President, Brian K. Wright ("B. Wright") served as an officer and D. Davis ("D. Davis") served as the Vice President of Defendant Contractor at the business address listed in Paragraph 5 of this Complaint.

    15. As the principals of Defendant Contractor, Defendant D. Johnston, B. Wright and D. Davis were and are responsible for collection of all monies payable to Defendant Contractor resulting from the labor performed by carpenters covered under such Agreement.

    16. As the principals of Defendant Contractor, D. Johnston, B. Wright and D. Davis were and are responsible for submitting monthly remittance reports and fringe benefit contributions to the Plaintiff.

    17. As the principals of Defendant Contractor, D. Johnston, B. Wright and D. Davis had the authority to make decisions as to what obligations and/or payments of Defendant Contractor were to be paid and which ones were not to be paid.

    18. At the time such fringe benefit contributions became due and payable by Defendant Contractor to the Funds, such monies became assets of the Funds.

19. Based upon the foregoing, Defendants D. Johnston, B. Wright and D. Davis constitute "fiduciaries" under ERISA.

20. Defendants D. Johnston, B. Wright and D. Davis breached their fiduciary duties to the Funds by failing to pay to the Plaintiff such contributions once they became due and payable and is therefore liable for all fringe benefits and associated interest, contractual damages, attorneys' fees, and legal costs owed by Defendant Contractor to the Plaintiff.

21. Plaintiff has demanded from Defendants D. Johnston, B. Wright and D. Davis payment of all such amounts due, but such individual defendant has neglected and continues to neglect to pay such amounts.

WHEREFORE, Plaintiff demands that judgment be entered against Defendants D. Johnston, B. Wright and D. Davis in the amount of $170,649.26, plus interest from June 7, 2006, attorneys' fees and legal costs.

## COUNT III

### Carpenters Combined Funds, Inc. v. David Johnston, Brian K. Wright and Danae Davis
### State Common Law Conversion Action

22. The averments contained in paragraphs 1 through 17 of this Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

23. Pursuant to such Agreement, Defendant Contractor withheld monies from its employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff.

24. In violation of such Agreement, Defendant Contractor failed to remit such deductions for union dues and legislative funds to the Plaintiff.

25. At all times relevant to this action, Defendants D. Johnston, B. Wright and D. Davis had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff.

26. Defendants D. Johnston, B. Wright and D. Davis exercised dominion and control over the employee wage withholdings totaling $13,227.93, and authorized and/or permitted such monies to be used to pay other obligations of Defendant Contractor.

27. Based upon the foregoing, Defendants D. Johnston, B. Wright and D. Davis intentionally converted such monies that were rightfully due and payable to the Plaintiff.

28. Plaintiff is also entitled to receive from Defendants D. Johnston, B. Wright and D. Davis interest through June 7, 2006 on such late payments of $871.44, plus additional interest from June 7, 2006 of $5.44 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Defendants D. Johnston, B. Wright and D. Davis in the amount of $14,099.37 plus additional interest from June 7, 2006 and costs of suit.

JURY TRIAL DEMANDED.

TUCKER ARENSBERG, P.C.

*s/ Jeffrey J. Leech*
Jeffrey J. Leech
PA I.D. #19814
Neil J. Gregorio
PA I.D. #90859

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Plaintiff,
Carpenters Combined Funds, Inc.

Lit-390878.1